IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH | ) | MISC. NO. 09-00099 JMS/KSC |
| OF various searches and seizures | ) | MISC. NO. 09-00100 JMS/KSC |
| | ) | MISC. NO. 09-00101 JMS/BMK |
| | ) | MISC. NO. 09-00102 JMS/LEK |
| | ) | MISC. NO. 09-00114 JMS/LEK |
| | ) | MISC. NO. 09-00120 JMS/LEK |
| | ) | |
| | ) | ORDER DENYING PETITIONERS' |
| | ) | MOTIONS FOR |
| | ) | RECONSIDERATION OF THE |
| | ) | COURT'S AUGUST 25, 2009 |
| | ) | ORDER ADOPTING MAGISTRATE |
| | ) | JUDGE LESLIE E. KOBAYASHI'S |
| | ) | JUNE 19, 2009 AND JUNE 25, 2009 |
| | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS TO |
| | ) | DISMISS PETITIONS AND |
| _____ | ) | DISMISSING PETITIONS |

**ORDER DENYING PETITIONERS' MOTIONS FOR RECONSIDERATION OF THE COURT'S AUGUST 25, 2009 ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S JUNE 19, 2009 AND JUNE 25, 2009 FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONS AND DISMISSING PETITIONS**

On April 7 and 8, 2009, the Federal Bureau of Investigation executed search warrants and obtained evidence, funds, and vehicles in connection with a criminal investigation regarding the marketing of a program which allegedly provides mortgage loan assistance to individuals experiencing financial difficulties. Following these searches and seizures, John Oliver ("J. Oliver"), Mahealani

Ventura-Oliver ("M. Oliver"), Petro and Lehua Hoy, and Pilialoha Teves ("Teves") filed various documents with the court, each of which was assigned its own miscellaneous action number. While the content of these documents was not clear, Magistrate Judge Leslie E. Kobayashi construed them as asking the court to unseal the applications and search warrants and return the property that was seized (collectively, the "Petitions"). Magistrate Judge Kobayashi subsequently issued Findings and Recommendations to dismiss these Petitions on June 19, 2009 in Misc. No. 09-00099 JMS/KSC, Misc. No. 09-00100 JMS/KSC, Misc. No. 09-00102 JMS/LEK, Misc. No. 09-00114 JMS/LEK, and Misc. No. 09-00120 JMS/LEK, and June 25, 2009 in Misc. No. 09-00101 JMS/BMK (collectively "June 2009 F&Rs").

J. Oliver, M. Oliver, and Tevas subsequently filed various Objections to the June 2009 F&Rs which refer to "Mc 09-00253-LEK/HG-KSC/ et al. & All related cases connected thereto" -- a reference to one of the magistrate action numbers for one of the search warrants.[1] While the Objections were not docketed

---

[1] Beyond these Objections, in Misc. No. 09-00120 JMS/LEK, Eric Lighter ("Lighter") filed an Objection arguing that he should not be listed as a Petitioner because he had not submitted any petition to the court. Lighter explained that the declaration bearing his name that was submitted to the court was for another action. The August 25, 2009 Order Adopting in Part and Rejecting in Part Magistrate Judge Kobayashi's June 19, 2009 Findings and Recommendations to Dismiss Petition and Dismissing Petition recognized that Lighter was not a Petitioner.

in each of the miscellaneous actions, the court liberally construed them as if they were filed in all of the actions listed above. On August 25, 2009, the court adopted the June 2009 F&Rs and dismissed the Petitions ("August 25 Orders").[2]

Currently before the court are a number of documents "objecting" to the court's August 25 Orders, one filed by J. Oliver and M. Oliver and another by Teves, each of which is almost identical in content. The court construes these objections as Motions for Reconsideration of the August 25 Orders ("Motions for Reconsideration" or "Motions").[3] Based on the following, the court DENIES the Motions for Reconsideration.

---

[2] The court entered an omnibus order for Misc. No. 09-00099 JMS/KSC, Misc. No. 09-00100 JMS/KSC, Misc. No. 09-00101 JMS/BMK, and Misc. No. 09-00102 JMS/LEK, and filed separate orders in Misc. No. 09-00114 JMS/LEK and Misc. No. 09-00120 JMS/LEK.

[3] J. Oliver and M. Oliver's Motion lists "09-253-LEK/09-0114 KMS-KSC includes 247/248," while Teves' Objection lists "09-245-LEK/09-0102 JMS-KSC." The court construes these references to the magistrate action numbers in which the search warrants were issued as an effort by Petitioners to ensure that the court is aware of the entire record. The court further liberally construes these Motions as applicable to court's adoption of all of the June 2009 F&Rs.

Kilipaki Schmitt, as representative of "Ka paepae loa o Hawaiiloa" and "Ka hale kakau hoike ana" ("Schmitt") also filed documents objecting to the August 25 Orders, which mirror the content of the other Motions. In addition to these documents, Schmitt filed two "Judicial Notices" which allege, to the extent they can be understood, that Magistrate Judge Kobayashi has engaged in misconduct and that the government has falsified filings and altered court records by having the Petitions and later filings by the parties filed in separate miscellaneous actions instead of the magistrate actions in which the search warrants issued. Because Schmitt did not file an initial petition or object to the June 2009 F&Rs, she does not have standing to seek reconsideration of the August 25 Orders. Further, even if the court addressed the substance of Schmitt's arguments, the Motions for Reconsideration raise the same arguments and Schmitt's arguments would be rejected for the reasons explained in this Order.

# I. STANDARD OF REVIEW

Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." Local Rule 60.1; *see also Sierra Club, Haw. Chapter v. City & County of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.").

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound

discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## II. DISCUSSION

The court adopted the June 2009 F&Rs because (1) none of the Objections was timely filed; (2) the Objections raised wholly frivolous and irrelevant arguments based on a misunderstanding of the law and/or incorrect statements of facts; and (3) based upon the court's own de novo review of the records of these actions, the court agrees with the June 2009 F&Rs that the applications and search warrants should remain sealed and that the court should not reach the merits of the Federal Rule of Criminal Procedure 41(g) motion.

The Motions for Reconsideration fail to convince the court that the August 25 Orders are in error. As an initial matter, the Motions for Reconsideration provide absolutely no explanation that would excuse the untimely filing of Objections to the June 2009 F&Rs and on this basis alone, the court DENIES the Motions for Reconsideration. Further, even if the court addresses the merits of the Motions, they do not argue the discovery of new material facts or an intervening change in law. Rather, the Motions raise a slew of arguments that are irrelevant to the issues addressed in the August 25 Orders. To the extent these

arguments can be construed as suggesting that the court committed manifest error of law or fact, they wholly lack merit.

For example, the Motions argue that there was no probable cause to support the warrants, but the probable cause determination was not and is not an issue before the court. Rather, the issues for the June 2009 F&Rs and the August 25 Orders were whether the search warrant applications should be unsealed and whether the court should reach the merits of the Federal Rule of Criminal Procedure 41(g) motion. The Motions' bald assertions of no probable cause do not challenge these determinations.

The Motions also raise a number of arguments that show confusion regarding the nature of these proceedings. For example, the Motions argue that the government violated their due process rights by failing to give notice of forfeiture proceedings, but there is no forfeiture -- the property was seized pursuant to a search warrant. The Motions argue that Petitioners were not served a complaint, but the search warrants were part of a criminal investigation and do not require the filing of a complaint. The Motions also argue that Petitioners are innocent of any crime that the Federal Bureau of Investigations is investigating, but such argument is irrelevant to issues addressed in the August Orders.

The Motions further suggest that there may be a fraud upon the court

due to the many different action numbers addressing the search warrants.[4] The number of action numbers is merely a result of a separate magistrate action number being issued for each application of a search warrant, and a separate miscellaneous action number being issued for each Petition. The court reviewed all of the filings in all of the actions in deciding to adopt the June 2009 F&Rs and therefore the fact that there are multiple action numbers is not evidence of any fraud.

Finally, although not clear, the Motions appear to argue that Petitioners have claims against the government pursuant to 28 U.S.C. § 2465, the Federal Tort Claims Act, and a variety of other federal laws. The Motions further argue -- again, to the extent that they can be understood -- that the seizures are a continued oppression of the Hawaiian people felt since the illegal overthrow of the Hawaiian monarchy on January 17, 1893 and violate international law. Without commenting on merit of such claims, these claims are not properly before the court and are irrelevant to the reasoning of the June 2009 F&Rs and the August 25 Orders.

In sum, none of the Motions' arguments persuades the court that it should reconsider its August 25 Orders.

---

[4] The Motions further assert that the Magistrate Judge Kobayashi assisted the government in concealing the fact of the illegal search and is operating under a conflict of interest. These allegations are wholly unfounded and the court rejects them out of hand.

## III.  <u>CONCLUSION</u>

For these reasons, the court DENIES the Motions for Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 16, 2009.



          /s/ J. Michael Seabright
          J. Michael Seabright
          United States District Judge

*In the Matter of Various Searches and Seizures*, Misc No. 09-00099 JMS/KSC, Misc. No. 09-00100 JMS/KSC, Misc. No. 09-00101 JMS/BMK, Misc. No. 09-00102 JMS/LEK, Misc. No. 09-00114 JMS/LEK, Misc. No. 09-00120 JMS/LEK, Order Denying Petitioners' Motions for Reconsideration of the Court's August 25, 2009 Order Adopting Magistrate Judge Leslie E. Kobayashi's June 19, 2009 and June 25, 2009 Findings and Recommendations to Dismiss Petitions and Dismissing Petitions